## Opeka v. Peters Township

*Alexander J. Pentecost,* for plaintiffs.

*Roy F. Walters, Jr.,* Township Solicitor, for defendant.

GLADDEN, J., November 5, 1973.—This is an action in equity to recover proportionate shares of paving assessments voluntarily paid to Peters Township. The facts in both cases are precisely similar and they will be considered together. The facts have been stipulated to and are set forth as follows

## FINDINGS OF FACT

1. Plaintiffs John Opeka and Lillian K. Opeka, his wife, are residents of Peters Township and owners of lots No. 9 and 11 in the McNary Plan of Lots on Meadow Street, Washington County, Pa.

2. Plaintiffs Walter Rybacki and Marie Rybacki, his wife, are residents of Peters Township and owners of lots 5 and 7 in the McNary Plan of Lots on Meadow Street, Washington County, Pa.

3. Peters Township is a second class township located in Washington County, Pa., the municipal offices of which are located at 610 East McMurray Road in said township.

4. The foot frontage of plaintiffs' lots are shown on an exhibit which is attached hereto, made a part hereof and marked exhibit A.

5. The entire plan of the streets in the McNary Plan of Lots is shown in an exhibit which is attached hereto, made a part hereof and marked exhibit B.

6. Plaintiffs' lots are all part of the Walter C. and Alma M. McNary Plan No. 2 of Lots as recorded in Plan Book Vol. 7, p. 118, in the Office of the Recorder of Deeds of Washington County, Pa.

7. The total feet front of the properties abutting on Meadow Street, Peters Township, Washington County, Pa., is 1,769.42 feet.

8. The total feet front of the properties abutting on all the streets in all the McNary Plans of Lots in Peters Township, Washington County, Pa., including Meadow Street, is 11,311.38 feet.

9. The total feet front of the properties abutting on Meadow Street belonging to owners who petitioned for the improvement on the street, resulting in the assessment which is the subject of the instant litigation, is 500 feet.

10. The total feet front of the properties abutting on all the streets in all the McNary Plans of Lots belonging to owners who petitioned for the improvement of the streets, resulting in the assessment which is the subject of the instant litigation, is 6,000 feet.

11. The original place of record of the seven plans of lots, which make up that which is called in this litigation the McNary Plans of Lots, is the Office of the Recorder of Deeds of Washington, Pa. These seven plans of lots collectively contain all the streets represented by the total feet front of 11,311.38 feet. These seven plans were recorded on the following dates in the following plan books:

Walter C. McNary and Alma M. McNary Plan—recorded February 10, 1945, in Plan Book 7, Page 114.

Walter C. McNary and Alma M. McNary Plan No. 2 —recorded May 18, 1945, in Plan Book 7, page 118.

Walter C. McNary and Alma M. McNary Plan No. 3 —recorded January 10, 1946, in Plan Book 7, page 128.

Walter C. McNary and Alma M. McNary Plan No. 4 —recorded June 23, 1947, in Plan Book 7, page 223.

Walter C. McNary and Alma M. McNary Plan No. 5 —recorded November 25, 1952, in Plan Book 8, page 41.

Walter C. McNary and Alma M. McNary Plan No. 6 —recorded October 14, 1953, in Plan Book 8, page 64.

Walter C. and Alma M. McNary Farm, laid out by Kaylor Brothers—recorded September 28, 1961, in Plan Book 9, page 161.

12. The lots of John Opeka and Lillian K. Opeka, abutting on Meadow Street, comprise 200 front feet of area.

13. The lots of Walter Rybacki and Marie Rybacki, his wife, abutting on Meadow Street, comprise 200 front feet of area.

14. Meadow Street is a single street extending in a northwest-southeast direction between Pleasant Avenue, at its northwest terminus, and McNary Street, at its southeast terminus.

15. Meadow Street is not bisected by any streets, alleys or ways between its two terminus points.

16. Meadow Street was adopted as a public street by Peters Township on September 17, 1968, and is identified as a separate street in the resolution of the Board of Supervisors of Peters Township adopted on said date.

17. Meadow Street was graded, paved and otherwise improved pursuant to a contract entered into on April 2, 1968, between Peters Township and Russell Industries, Inc., a contractor.

18. The improvements of Meadow Street under said contract did not commence until sometime after April 11, 1968, and they were completed prior to September 3, 1968.

19. Prior to entering into the appropriate contract for improvement of Meadow Street, the township received two petitions requesting the Board of Supervisors of Peters Township to grade, curb, gutter, pave or otherwise improve said street under the authority of section 1135 of the Second Class Township Code, as amended, 53 PS §66135, et seq. Plaintiffs, John Opeka and Lillian K. Opeka, his wife, and Walter Rybacki and Marie Rybacki, his wife, all signed both petitions for improvement.

20. That after completion of the improvements, plaintiffs were assessed for the work performed on the

basis of their front footage and all of the plaintiffs paid the assessments.

21. That none of the plaintiffs in these actions were parties of record to the law suits instituted by George E. Coffield and Irene E. Coffield, his wife; C. Paul Coffield and Alice D. Coffield, his wife; Robert J. Donaldson and Shirley Donaldson, his wife; Andrew L. Pahanish and Beverly Darlene Pahanish, his wife; Andrew Pahanish and Rose Pahanish, his wife; Pearl A. Degenhardt, Marie Kubacki and Ann Kuzy, Plaintiffs, against Peters Township at no. 6417 in equity, in the Court of Common Pleas of Washington County, Pa., in which Judge Harold Fergus enjoined the township from placing any liens on the properties of the named plaintiffs as a result of municipal improvements.

22. That plaintiffs John Opeka and Lillian K. Opeka instituted a complaint in equity against defendant at no. 6755 in equity in the Court of Common Pleas of Washington County, Pa., requesting the court to direct the township to return to them the moneys paid relative to the assessment for benefits.

23. That plaintiffs Walter Rybacki and Marie Rybacki, his wife, instituted a complaint in equity against defendant at no. 6756 in equity in the Court of Common Pleas of Washington County, Pa., requesting the court to direct the township to return to them the moneys paid relative to the assessment for benefits.

24. The complaints referred to paragraphs 22 and 23 above were filed in February, 1972.

25. That in the action filed by George Coffield et al. against Peters Township at no. 6417 in equity, Judge Harold Fergus adopted as a finding of fact that petitions for the street improvements obtained from owners of property abutting on Meadow Street represent less than 29 percent of the feet front of the properties abutting on said street.

## DISCUSSION

The issue which we are asked to decide is a narrow one. It can best be stated as follows:

Is a property owner who signs a petition requesting the supervisors to pave an abutting street, later estopped from seeking a refund on his proportionate share of the cost of paving, when it is determined that less than the required number of property owners signed the petition and that the supervisors proceeded to pave the street and assess the abutting owners?

In the case of Coffield v. Peters Township, 48 D. & C. 2nd 381, our court has decided that the abutting owners along the same Meadow Street who did not sign the petition could not be assessed for their proportionate cost of paving. As in Coffield, we are required to apply section 1135 of the Second Class Township Code, 53 PS §66135, which provides:

"Any township may grade, curb, gutter, pave or otherwise improve, with brick, stone or any suitable materials, any public street or road, or part thereof, laid out and open in the township. . . . No street or road, or any part thereof, shall be improved under the provisions of this section, except upon the petitions of owners of property representing a majority in number of feet front of the properties abutting on the street or road, or part thereof, proposed to be improved."

We are in agreement with the interpretation in Coffield that:

"The legislature intentionally used the singular in speaking of a street or road. There are methods to pave streets or roads at the public expense, but section 1135 must be construed to mean that a majority of the abutting owners on a particular street has the election of whether they want the street paved at private and public expense."

It has been determined that only 29 percent of the Meadow Street abutting property owners have signed

the petition for improvement and that these same owners voluntarily paid their proportionate assessment. Coffield did not adjudicate the rights of these owners. They are now before the court seeking a refund.

Defendant argues that the court should invoke the doctrine of estoppel to deny plaintiffs' refund. It relies on the fact that plaintiffs signed the petitions and paid the assessment without protest.

We would not allow plaintiffs to repudiate their signing if 51 percent of the abutting owners along Meadow Street had signed. This would have been sufficient authority for the township to proceed. But insofar as Meadow Street is concerned, the township never had authority from the required percentage of abutting owners. In Township of Peters v. Herbert W. Wilson et al., September term, 1970, 184, A. D., our court denied defendants' right to withdraw signatures from a petition. In that case, more than 51 percent of the abutting owners along McNary Street had signed the paper giving authority to the township to proceed with the project. There, the court held that the township had jurisdiction to proceed and that once jurisdiction attached, petitioners had no right to withdraw without court approval. The unpublished opinion[1] goes on to say:

"The statutory authorization for the assessment of the defendant's plot is covered in Section 1135 and 1136 of the Second Class Township Code, 53 P. S. 66135 and 66136, requiring the signatures of the owners of property representing a majority in number of feet frontage abutting the street or road before the Township may proceed to improve the street or road. This is a jurisdictional requirement and once that jurisdic-

---

[1] The court majority consisted of Curran and DiSalle, JJ. Sweet, P. J., filed a dissent.

tion has attached the Township may proceed to improve.

". . .

"In the present case, we feel that jurisdiction to improve McNary Street attached to the township when the first petition had been signed by a majority of front foot property owners. It was circulated in the Spring of 1967. It is only after obtaining such a petition that the Township had a right to and did proceed to accept bids and improve the street."

The township claims that it was encouraged by plaintiffs to proceed. By any computation, only 29 percent of the abutting owners "encouraged" the township. To give encouragement is not to give authority. Authority for the township to pave under section 1135 comes from the statute. Since there never was a sufficient number of signatures, the petition to improve Meadow Street was null and void. If the township had no statutory authority to pave Meadow Street, it follows that it had no authority to assess. To extend defendant's argument, it would imply that the mere signing of a petition circulated under section 1135 becomes an immediate obligation to pay. Such is not the case. The obligation to pay arises when 51 percent of the abutting owners sign. Absent that, a signature is affixed conditionally and becomes effective only upon the assent of the required number.

We have been asked to consider Kardelis v. Cangelosi, 54 D. & C. 2d 622 (1971), where the court applied the doctrine of promissory estoppel to accomplish the ends of justice. Three factors were considered by the court as essential in the application of the doctrine: 1. The promise must be one likely to induce action; 2. such action must be of a definite and substantial character; 3. the circumstances must be such that in-

justice can be avoided only by the enforcement of the promise.

In the matters now before us, we are unable to apply the first of these factors. The signing of the petitions by these plaintiffs was not likely to induce action and, in fact, could not induce action unless the statutorily required number of signatures was obtained. Absent this factor the doctrine of estoppel does not apply.

We are not required to consider the other factors except to say that it would be an injustice to these plaintiffs to require them to pay, having excused all others who have benefited from the pavement of Meadow Street.

## CONCLUSIONS OF LAW

1. The petitions signed by plaintiffs herein are null and void as they pertain to the improvement of Meadow Street in the McNary Plan, Peters Township.

2. Defendant has not complied with the Second Class Township Code and, therefore, has no statutory right to assess the plaintiffs for the improvement of Meadow Street.

3. Plaintiffs are entitled to a refund of their paving assessments.

4. The doctrine of estoppel is not applicable in this case.

Therefore, we enter the following

## DECREE NISI

And now, November 5, 1973, it is ordered, adjudged and decreed that defendant, Peters Township, shall refund to plaintiffs, John Opeka and Lillian K. Opeka, his wife; and Walter Rybacki and Marie Rybacki, his wife, all moneys collected from plaintiffs on account of a paving assessment for the improvement of Meadow Street, McNary Plan, Peters Township, this county. Said refunds shall be paid in full within 180 days after

the entry of a final decree. Costs of this proceeding to be borne by defendant.

The prothonotary is directed to enter this decree as a decree nisi and to give immediate notice of the decree as required by the equity rules. Unless exceptions are filed thereto within 20 days from the entry of this decree nisi, the same shall be entered as a decree absolute, as provided.